**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**SUNTRUST BANK,**

        **Plaintiff,**

**-vs-**                                                                     **Case No. 6:08-cv-1973-Orl-28DAB**

**PATRICIA A. MONTGOMERY, PATRICK**
**MONTGOMERY, RICHARD BELLACK,**

        **Defendants.**

_____

# ORDER

On November 11, 2008, Plaintiff, SunTrust Bank ("SunTrust"), filed a five-count Complaint (Doc.1) seeking to enforce several guaranty agreements against Defendants. This cause is before the Court on the Motion for Final Summary Judgment (Doc. 21) filed by SunTrust. Defendants Patricia A. Montgomery and Patrick Montgomery have filed affidavits in opposition (Doc. 29), and the motion is now ripe for adjudication.

### I. Background

On August 25, 2006, Mrs. Montgomery signed and executed a continuing and unlimited "Unconditional Guaranty" with SunTrust "in order to induce SunTrust . . . to extend or continue credit to" Utility Design, Inc. ("Utility Design"). (Patricia Montgomery Utility Design Guaranty, Ex. C to Compl.). This guaranty states that Mrs. Montgomery "absolutely and unconditionally guarantees to SunTrust performance and payment when due, whether by acceleration or otherwise, of any and all Obligations of [Utility Design] to SunTrust, together with all interest and charges related thereto, and all attorneys' fees . . ., costs and

expenses of collection incurred by SunTrust in enforcing the Obligations or this guaranty." (Id.). The term "Obligation" is then defined to include "any and all liabilities, obligations, agreements and undertakings of [Utility Design] to SunTrust in any amount, *whether now existing or hereafter arising.*" (Id.) (emphasis added). Also on August 25, 2006, Patrick Montgomery signed and executed a virtually identical document, thereby guarantying the then and future obligations of Utility Design to SunTrust. (See Patrick Montgomery Utility Design Guaranty, Ex. D to Compl.).

On August 16, 2007, Patrick Montgomery, acting as President of Utility Design, executed a note in the principal amount of $1,000,000.00 establishing "an open and revolving line of credit" for Utility Design with SunTrust. (Utility Design Note, Ex. A to Compl.). The repayment terms of the Utility Design Note state in bold type that "[t]his obligation is payable on demand." (Id.). Under a section entitled "Additional Terms and Conditions," the Utility Design Note references an Agreement to Commercial Note ("Agreement") that sets forth additional terms and conditions and states that the Agreement would control in the event of any conflict between the terms and conditions of the Utility Design Note and the Agreement. (Id.).

On March 26, 2008, UDI Underground, LLC ("UDI"), by its managing member Ander W. Roth, executed a Commercial Note ("the UDI Note") in the principal amount of $200,000.00, establishing "an open and revolving line of credit" for UDI with SunTrust. (UDI Note, Ex. B to Compl.). Also on March 26, 2008, Mrs. Montgomery executed an unlimited and unconditional guaranty (the "UDI Guaranty") whereby she "absolutely and unconditionally guarantees to SunTrust performance and payment when due, whether by

acceleration or otherwise, of any and all Obligations of [UDI] to SunTrust, together with all interest and charges related thereto, and all reasonable attorneys' fees . . ., and all costs and expenses of collection incurred by SunTrust in enforcing the Obligations or this guaranty." (Id.). The UDI Guaranty then defines "Obligation" to include "any and all liabilities, obligations, agreements and undertakings of [UDI] to SunTrust in any amount, *whether now existing or hereafter arising.*" (Id.) (emphasis added).

On November 11, 2008, SunTrust filed its Complaint alleging that Utility Design and UDI had defaulted under the terms of the notes "by failing to pay to SunTrust, upon demand, all sums due" under the notes. (Compl. ¶¶ 11, 20). Because of the default by Utility Design, Inc., SunTrust seeks to enforce the Patricia Montgomery Utility Design Guaranty (Count I) and the Patrick Montgomery Utility Design Guaranty (Count II). Because of the default by UDI, SunTrust seeks to enforce the UDI Guaranty against Patricia Montgomery (Count IV). SunTrust has now moved for summary judgment on all remaining counts.[1]

## II. Summary Judgment Standard

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the burden of establishing that no genuine issues of material fact remain. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

---

[1] In its Complaint, SunTrust sought to enforce guaranties to the Utility Design Note and the UDI Note signed by Richard Bellack ("Bellack"). However, on October 6, 2009, the parties notified the Court that the claims against Bellack—Counts III and V—had been "conditionally settled." (Doc. 39).

When faced with a "properly supported motion for summary judgment, [the nonmoving party] must come forward with specific factual evidence, presenting more than mere allegations." Gargiulo v. G.M. Sales, Inc., 131 F.3d 995, 999 (11th Cir. 1997). "A nonmoving party, opposing a motion for summary judgment supported by affidavits [or other relevant evidence] cannot meet the burden of coming forth with relevant competent evidence by simply relying on legal conclusions or evidence which would be inadmissible at trial." Avirgan v. Hull, 932 F.2d 1572, 1577 (11th Cir. 1991); see also Fed. R. Civ. P. 56(e)(2) (providing that the nonmovant "must . . . set out specific facts showing a genuine issue for trial").

In ruling on a motion for summary judgment, the Court construes the facts and all reasonable inferences therefrom in the light most favorable to the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). "[A]t the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Id. at 249. Some degree of factual dispute is expected, but to defeat a motion for summary judgment the factual dispute must be material and genuine. That is, the factual evidence must "affect the outcome of the suit" and must be "such that a reasonable jury could return a verdict for the nonmoving party." Id. at 248.

### III. Analysis

In her affidavit opposing SunTrust's motion for summary judgment, Mrs. Montgomery states that an issue of fact exists regarding her guaranty of the Utility Design Note. (Patricia Montgomery Aff., Ex. 2 to Doc. 29, ¶ 3). The Patricia Montgomery Utility Design Guaranty contains a typed date of August 25, 2006 on the second line of the guaranty and a stamped

date of October 12, 2006 at the top of the guaranty. (Patricia Montgomery Utility Design Guaranty at 1). Additionally, a "Notice to Guarantor" signed by Mrs. Montgomery and dated October 3, 2006 is included with the guaranty. (Id. at 4). This Notice to Guarantor also bears a stamped date of October 12, 2006. (Id.). Mrs. Montgomery claims that "[t]his discrepancy [in the dates] in and of itself shows that the exhibits attached to the Complaint are inconsistent with the pleadings and creates an issue of fact." (Patricia Montgomery Aff. ¶ 3). Additionally, Mrs. Montgomery alleges that a factual dispute exists regarding whether "my Guaranty was to further secure the Utility Design Note, which came substantially after the alleged date of my Guaranty." (Id. ¶ 5).

Though it is unclear to the Court whether Mrs. Montgomery executed her guaranty on August 25, 2006 as alleged in the Complaint; on October 3, 2006; or on October 12, 2006, the actual date of the guaranty's execution is immaterial. Mrs. Montgomery does not dispute that she signed the guaranty; instead, she disputes that the guaranty was "entered into 'to further secure the payment of the Utility Design Note,' because the Note was not is [sic] existence at the time of the Guaranty." (Id. ¶¶ 4-5). Mrs. Montgomery's argument, however, is unavailing. The terms of her guaranty explicitly state that she was guarantying all the obligations of Utility Design, whether then existing or later arising. (See Patricia Montgomery Utility Design Guaranty at 1). Therefore, the Court finds that this dispute does not present a material question of fact that would affect the outcome of the suit.[2]

---

[2]Mrs. Montgomery presents a similar argument regarding her UDI Guaranty. (Patricia Montgomery Aff. ¶ 3). The UDI Guaranty contains a typed date of March 26, 2008 on the first line of the guaranty. (UDI Guaranty, at 1). However, Mrs. Montgomery's signature bears a handwritten date of April 21, 2008. (Id. at 3). For the same reasons stated in this

-5-

Next, Defendants aver in their affidavits that they are "not aware that [SunTrust] served any demand upon [them] for the amounts allegedly due and owing under the Utility Design Note or the UDI Note as stated in [SunTrust's] Motion for Summary Judgment." (Patricia Montgomery Aff. ¶ 6; Patrick Montgomery Aff., Ex. 1 to Doc. 29, ¶ 3).  However, by the terms of their guaranties, Defendants waived service of demand. (Patricia Montgomery Utility Design Guaranty at 2;  Patrick Montgomery Utility Design Guaranty at 2 ("Guarantor . . . waives notice of presentment and demand for payment of any of the Obligations, suit or other action taken by SunTrust against . . . Guarantor.")).  Accordingly, because the terms of the agreements do not require service of demand, Defendants do not present a dispute of material fact that would affect the outcome of the suit.

Finally, Defendants contend that SunTrust improperly characterizes the Utility Design Note as a demand note, apparently arguing that SunTrust improperly demanded that Utility Design pay in full the loan amount due under the Utility Design Note. (Patricia Montgomery Aff. ¶ 7; Patrick Montgomery Aff. ¶ 4).  Defendants aver that "Paragraph VI of the Agreement to Commercial Note, which controls over any conflicting provision in the Note, shows that they are not demand notes."  (Patricia Montgomery Aff. ¶ 7; Patrick Montgomery Aff. ¶ 4). Defendants, however, do not attach to their affidavit a copy of the Agreement to Commercial Note as to the Utility Design Note executed in 2007.[3]

---

paragraph, the Court rejects Mrs. Montgomery's argument.

[3]Mrs. Montgomery, however, has attached to her affidavit an "Agreement to Commercial Note" dated August 25, 2006, apparently referring to a previous Commercial Note to Utility Design also dated August 25, 2006. (Ex. A to Patricia Montgomery Aff.).

Defendants' attempt to create a material issue of fact on this issue fails for several reasons. First, the terms of the Utility Design Note state that "[t]his obligation is payable on demand" in bold type and that "[i]n the event of a conflict between any term or condition contained in this Note and in the Agreement, such term or condition of the Agreement shall control." (Utility Design Note at 1). Defendants have not identified any conflict between the "payable on demand" language of the Utility Design Note and the Agreement that would enable the conflicting language of the Agreement to control over the plain language of the Utility Design Note. Second, Defendants have presented no evidence, via their affidavits or otherwise, to contradict the affidavit testimony of Leonard J. Amoroso that the Utility Design Note and UDI Note are in default. (See Amoroso Aff., Ex. A to Doc. 21, ¶¶ 5-6, 23-24). Finally, Defendants, by the terms of the guaranties, "waive[d] and renounce[d] any defense to any of the Obligations which may be available to or could be asserted by Borrower, except for payment." (Patricia Montgomery Utility Design Guaranty at 2; Patrick Montgomery Utility Design Guaranty at 2). Accordingly, the only defense remaining to the Defendants is that the borrowers under the separate notes made the required payments then due. Defendants have not presented a material or genuine factual dispute that would affect the outcome of the suit.

## IV. Conclusion

In accordance with the foregoing, it is **ORDERED** and **ADJUDGED** as follows:

1. Plaintiff's Motion for Final Summary Judgment (Doc. 21) is **GRANTED** to the extent that it seeks to establish the liability of Patrick and Patricia Montgomery under their guaranties. The extent of their liability shall be determined following submission of additional

memoranda and a hearing as set forth more fully below.  The Court reserves jurisdiction to award Plaintiff cost and attorneys' fees upon motion of Plaintiff.

2. Plaintiff shall submit a brief not to exceed five (5) pages by 1:00 P.M., October 26, 2009 setting forth the amount owed by Patrick and Patricia Montgomery under the Guaranties, taking into consideration the settlement reached with Richard Bellack. Defendants Patrick and Patricia Montgomery shall file a response not to exceed five (5) pages by 1:00 P.M., November 2, 2009.

3. Counsel shall appear on **Friday, November 6, 2009 at 11:00 AM** in Courtroom 6B before the undersigned for a hearing regarding the terms of the judgment to be entered in this case.

4. Plaintiff's Motion to Strike (Doc. 43) is **DENIED** as **MOOT**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida this 19th day of October, 2009.

JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record
Unrepresented Party